IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:01-828 |
| vs. ) | C/A No. 6:06-172-HMH |
| ) | |
| David Beeks, ) | **OPINION AND ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on David Beeks' ("Beeks") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court dismisses Beeks' § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2002, a jury found Beeks guilty of one count of conspiracy to possess with the intent to distribute fifty grams or more of crack cocaine and less than 500 grams of cocaine. On July 2, 2002, Beeks was sentenced to three hundred twenty-five (325) months' imprisonment. On February 7, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Beeks' sentence and conviction. See United States v. Beeks, No. 02-4574, 2003 WL 257508, at *2 (4th Cir. Feb. 7, 2003) (unpublished). On February 10, 2004, Beeks filed a § 2255 motion, which the court summarily dismissed on February 23, 2004. Beeks appealed, and the Fourth Circuit declined his request for a certificate of appealability and dismissed his appeal on August 13, 2004. United States v. Beeks, No. 04-6755, 2004 WL

1809794 (4th Cir. Aug. 13, 2004) (unpublished). On January 12, 2006,[1] Beeks filed the instant § 2255 motion.

## II. DISCUSSION OF THE LAW

In the instant § 2255 motion, Beeks alleges a claim pursuant to United States v. Booker, 543 U.S. 220 (2005). As noted above, Beeks has had a previous § 2255 motion adjudicated on the merits. As such, the court must first determine whether the instant § 2255 motion is second or successive before it may consider the merits of the motion. In re Cabey, 429 F.3d 93 (4th Cir. 2005), reh'g granted, (4th Cir. Jan. 10, 2006) (finding that a 28 U.S.C. § 2254 habeas petition was not successive because it dealt with parole issues which could not have been raised in a previous petition).[2]

Under Cabey, if a prisoner could not have raised the issue(s) brought in a § 2255 motion in a previous motion, the instant motion is not "second or successive." Id. Cabey dealt with a new factual claim which could not have been raised in a previous § 2255 motion. Beeks' Booker argument is a new legal claim. Under one interpretation, Cabey does not apply to new legal claims. Id. at 101-02 (Luttig, J. dissenting). Under this interpretation, Beeks' Booker claim is successive. See e.g. United States v. King, No. 05-735, 2005 WL 2746599, at *1 n.1 (4th Cir. Oct. 25, 2005) (denying authorization to file a second and successive § 2255 motion on the basis of the rules announced in Booker) (unpublished).

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] Although Cabey concerned a petition under § 2254 instead of a § 2255 motion, the language for determining whether a motion is "second or successive" is identical, and case law interpreting the use of "second or successive" in one statutory section applies to the other. 429 F.3d at 96 n.4.

Alternatively, Cabey may be interpreted to permit either claims that did not factually or legally exist at the time the first petition or motion was filed. 429 F.3d at 102 (Luttig, J., dissenting). Under this interpretation, a prisoner whose judgment was final pre-Booker and who has already had a § 2255 motion adjudicated on the merits may be able to assert a Booker claim in a § 2255 motion without having the motion deemed successive. However, even if Cabey allowed Beeks to bring a Booker claim, Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Hence, Booker is inapplicable to Beeks and provides Beeks no relief.

Therefore, it is

**ORDERED** that Beeks' § 2255 motion is dismissed.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 20, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.